1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LOREN ROBINSON,

11              Plaintiff,                    No. CIV S-04-1051 FCD JFM P

12        vs.

13   S. CERVANTES, et al.,                    ORDER AND

14              Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Petitioner claims that his constitutional rights were violated by placement in

18   his central file of a chrono containing false information and subsequent imposition of

19   consequences attendant to such false information.  This matter is before the court on defendants'

20   motion to dismiss pursuant to the unenumerated portion of Fed. R. Civ. P. 12(b) for failure to

21   exhaust administrative remedies prior to suit, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure

22   to state a claim on which relief may be granted.  Defendants have also moved for a protective

23   order from discovery.

24              On August 5, 2004, plaintiff received the notice required by Wyatt v. Terhune,

25   315 F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss

26   for failure to exhaust administrative remedies.

1

ANALYSIS

I.  Allegations of the Complaint

Plaintiff's complaint contains the following allegations.  On September 6, 1999, marijuana was confiscated from plaintiff while he was incarcerated.  He was charged in prison disciplinary proceedings with, and convicted of, possession of marijuana.  Punishment for a first offense of possession of marijuana includes a loss of visitation rights for 90 days, and then a loss of non-contact visitation rights for an additional 90 days.

On June 22, 2000, plaintiff had a "private conference" with defendant Cervantes, during which defendant Cervantes questioned plaintiff about plaintiff's "private life" with his wife and plaintiff gave defendant Cervantes "very personal and detailed information." (Complaint, filed June 1, 2004, at 2.)  Thereafter, defendant Cervantes became openly "rude and disrespectful" toward plaintiff and his wife, and plaintiff and Cervantes got into a "heated argument."  (Id.)

Plaintiff was subsequently transferred to Pleasant Valley States Prison.  On June 5, 2001, plaintiff went before a unit classification committee for review of family visiting.  At that time, plaintiff learned that defendant Cervantes had issued a chrono containing false information and had the chrono placed in plaintiff's confidential folder.  The chrono stated, inter alia, that plaintiff had informed Cervantes that plaintiff's wife had smuggled the marijuana into the prison for plaintiff to sell to help her make financial ends meet.  (Ex. A to Complaint.)  As a result of the chrono, the unit classification committee found that plaintiff had engaged in drug trafficking and denied him all family visitation.  (App. to Complaint, at 4-5.)

Plaintiff contends that his rights to due process and equal protection were violated as a result of the events complained of.  He seeks declaratory and injunctive relief and money damages.

/////

/////

2

ANALYSIS

I. Failure to Exhaust Administrative Remedies

"Section 1997e(a) of Title 42 of the United States Code provides:

No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. Defendants have the burden of establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). See Wyatt, 315 F.3d at 1120.

Defendants contend that plaintiff failed to exhaust with prison officials a claim that defendant Cervantes issued the chrono for a retaliatory purpose. Plaintiff does allege in his complaint that the chrono "was fabricated against plaintiff in a retaliatory fashion." (Complaint, at 2). However, after careful review of the complaint filed in this action, this court finds that plaintiff has not pleaded a claim for retaliation.

Plaintiff claims that the events at bar violated his rights to due process and to equal protection. The claims are grounded in an allegation that defendant Cervantes placed in plaintiff's file a chrono containing false information. As a general matter, a claim based on an alleged false disciplinary report can arise either as a violation of procedural due process, see e.g., Black v. Lane, 22 F.3d 1395, 1401-02 (7th Cir. 1994), or as a retaliation claim. See, e.g., Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997). In order to state a retaliation claim, plaintiff must allege facts that show he engaged in protected conduct and that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). In the context of a

1   retaliation claim brought by an inmate, the plaintiff must also demonstrate an absence of

2   legitimate correctional goals for the conduct he contends was retaliatory.  Pratt v. Rowland, 65

3   F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

4          After careful review of the complaint the court finds that plaintiff has not alleged

5   that he engaged in any constitutionally protected activity in connection with the events

6   complained of, or that such activity was a "substantial or motivating" factor for defendant

7   Cervantes' alleged acts.  Plaintiff's claim is grounded in the procedural protections of the due

8   process clause, and not in a contention that defendant Cervantes' alleged actions were retaliatory.

9   Because plaintiff has not pleaded a retaliation claim in his complaint, this action is not subject to

10  dismissal for his alleged failure to include in his administrative grievance a contention that

11  defendant Cervantes acted in a "retaliatory fashion."  This aspect of defendants' motion to

12  dismiss should be denied.

13  II.  Failure to State a Claim

14          Defendants also contend that plaintiff has failed to allege facts sufficient to state a

15  claim either for violation of either his right to due process or his right to equal protection.  In

16  considering a motion to dismiss, the court must accept as true the allegations of the complaint in

17  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

18  pleading in the light most favorable to the party opposing the motion and resolve all doubts in the

19  pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).

20  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

21  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim

22  should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in

23  support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S.

24  69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

25  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

26  /////

                                             4

A.  <u>Due Process</u>

Defendants contend that plaintiff has failed to state a cognizable claim for violation of his right to due process because (1) he has no federally protected liberty interest in family visiting; and (2) the denial of family visiting was pursuant to a classification committee hearing not as punishment for the marijuana infraction.

The federal due process clause protects state-created liberty interests that consist of "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 482 (1995).  The denial of family visits does not impose an atypical and significant hardship; rather, an inmate's inability to visit with whom he wishes is an "ordinary incident of prison life."  <u>See</u> <u>Kentucky Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 461, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." (internal quotation marks and citation omitted); <u>see also</u> <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1114 (9th Cir.1986) (noting that the denial of contact visits "is part of the penalty that criminals pay for their offenses against society").

In the complaint, plaintiff alleges that on June 5, 2001, he went before a classification committee at Pleasant Valley State Prison.  (Complaint, at 2.)  Plaintiff further alleges it was at that hearing that he learned of the allegedly false chrono written by defendant Cervantes.  (<u>Id.</u>)  Exhibits appended to the complaint show that the decision to deny family visits was made at that classification committee hearing.  (Ex. B to Complaint.)  Plaintiff was present at the classification committee hearing and had an opportunity to present his views to the committee.  (<u>Id.</u>)  The comments from the hearing note that plaintiff "actively participated in ICC and stated he was in disagreement with ICC's decision to deny his request for family visits.

1  [Plaintiff] denies making the statements outlined in the [chrono written by defendant

2  Cervantes.]"  (Id.)

3          Defendants are correct that the decision by the classification committee at

4  Pleasant Valley State Prison was not a decision to increase the punishment for plaintiff's CDC-

5  115, nor did the classification committee unilaterally change the nature of that infraction from a

6  possession to a trafficking charge.  (Id.)  Rather, the decision to deny family visits was a

7  classification decision.  For the reasons set forth supra, plaintiff does not have a constitutionally

8  protected liberty interest in family visits.  Even if he did, the only process to which he might be

9  entitled was notice and an opportunity to be heard, see Barnett v. Centoni, 31 F.3d 813, 815 (9th

10  Cir. 1994), both of which were afforded to him at the classification committee hearing.  (Ex. B to

11  Complaint.)

12          For the foregoing reasons, plaintiff has failed to state a cognizable due process

13  claim.

14      B.  Equal Protection

15          Plaintiff also alleges that the events at bar violated his right to equal protection.

16  Defendants seek dismissal of plaintiff's equal protection claim on the ground that he has failed to

17  allege any facts to support such a claim.

18          "The Equal Protection Clause of the Fourteenth Amendment commands that no

19  State shall 'deny to any person within its jurisdiction the equal protection of the laws, which is

20  essentially a direction that all persons similarly situated should be treated alike."  City of

21  Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457

22  U.S. 202, 216 (1982).  Plaintiff has not alleged any facts that suggest that he was treated

23  differently from otherwise similarly situated inmates.  For this reason, he has failed to state a

24  cognizable equal protection claim.

25  /////

26  /////

6

1       For the foregoing reasons, this court finds that plaintiff has failed to state any

2   cognizable claim for relief in this action and that the action should be dismissed.  The court will

3   therefore grant defendants' motion for a protective order and recommend dismissal of the action.

4       In accordance with the above, IT IS HEREBY ORDERED that defendants'

5   January 25, 2005 motion for a protective order is granted.  No discovery shall occur in this action

6   without further order of court; and

7       IT IS HEREBY RECOMMENDED that:

8       1.  Defendants' November 24, 2004 motion to dismiss be granted; and

9       2.  This action be dismissed.

10      These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

12  days after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15  shall be served and filed within ten days after service of the objections.  The parties are advised

16  that failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED:  July 29, 2005.

19

20                                              UNITED STATES MAGISTRATE JUDGE

21

22  12
    robi1051.mtd
23

24

25

26

7